## SPRINGFIELD LOAN CO, v NATIONAL GUARANTEE & FINANCE CO et

Ohio Appeals, 2nd Dist, Green Co

No 440. Decided November 30, 1938

Miller & Finney, Xenia, and Arthur L. Rowe, for defendant-appellant.

Marshall & Marshall, Xenia, for plaintiff.

### OPINION

By HORNBECK, J.

Action was instituted by plaintiff in replevin to secure possession of one 1936 Dodge DeLuxe Sedan by virtue of a mortgage lien held by plaintiff on said automobile given by "Used Car Exchange, S. R. Young", to secure a loan of $375.00. Default in the payment of indebtedness secured by the mortgage is alleged and it is further averred that the defendant detains the property from the plaintiff.

Defendant, The National Guarantee & Finance Co., answered, setting up two defenses, the first of which was a general denial, the second; that one A. C. Boster purchased the automobile from the sales room floor of S. R. Young doing business as Used Car Exchange at 210 S. Central St., Springfield, Ohio, that the Central Used Car Exchange was also known as Used Car Exchange; that the car was displayed for sale to the general public and that as part of the purchase price therefor Boster gave his note to the Central Used Car Exchange for $564.52, payable in monthly installments of $25.00 each and one monthly installment $289.52, and to secure said note Boster gave a mortgage to S. R. Young, doing business as Central Used Car Exchange; that the note was sold and assigned before due to the answering defendant for valuable consideration; that it is now the owner and holder of said note; that Boster upon the purchase of the automobile took immediate possession of it and so held it until claim of the right of possession was made by the plaintiff when the answering defendant took possession of the automobile to protect its security and was so holding the automobile at the time of the institution of the replevin action.

The answering defendant further says that plaintiff, if it holds a mortgage, took it with knowledge of the conditions under which the automobile was offered for sale and sold to Boster and it knew or had reason to believe that some purchaser might buy the automobile upon representation of said dealer, Young, that the same was free and clear of incumbrances, that

by reason thereof the plaintiff is estopped to assert that it is the owner of said automobile.

To the second defense of the answer plaintiff interposed a general demurrer which was sustained. An amended answer was filed setting up substantially the same defenses as the original answer. To the second defense of the amended answer a general demurrer was filed and sustained. Thereafter leave was granted to Augustus C. Boster to be named party defendant with leave to plead forthwith and thereupon said Boster filed what he termed an Intervening Petition which sets forth substantially the same subject matter as was incorporated in the second defense of the Amended Answer of defendant, The National Guarantee & Finance Company. Boster set forth further in his petition,

"That because of the conduct of the plaintiff this defendant voluntarily turned said automobile over to the defendant, The National Guarantee & Finance Company, which company was the owner of his note and chattel mortgage at the time."

Plaintiff moved to strike the intervening petition of Boster from the files for the reason that

"he is not a proper nor necessary party to the action, he having no interest in said automobile, the subject of the controversy."

The court sustained this motion and from this action an appeal on questions of law is prosecuted.

We have set out the averments of the pleadings at considerable length so that the facts which were before the court at the time of the sustaining of the motion may be understood.

Neither the finance company in the second defense of its answers nor Boster in his intervening petition says that there was a default in payment of the note secured by the mortgage held by the finance company. The finance company, however, does say that the automobile was taken to protect its security and the allegations of Boster's petition might be construed to mean the same thing.

Although we express no final opinion on the matter, because all the facts may not be before us, we see no reason why, if the automobile was taken by the finance company by reason of a broken condition of its mortgage, it could not set up against the

plaintiff all the defenses which Boster could urge against it if a proper party.

Upon the bare averments of the intervening petition, we are of opinion that the trial judge was correct in sustaining the motion to strike it from the files for the reason that it appears that there was not nor could there be under the facts before the court any claim properly asserted by Boster that he was entitled to the possession of the automobile. This is true because he asserts that he voluntarily had turned the possession over to the finance company where it rested at the time of the institution of suit. This conclusion seems axiomatic and therefore we can cite no authorities other than those representative of most general principles controlling replevin.

"The primary object of replevin is to determine the right of possession." Dempsey v Hill, 2 O. Dec. Rep. 260. In Ohio it is the wrongful detention of the property which gives a right of action, without regard to the taking of the property, whether such taking is lawful or unlawful. **Thornton v Sprague**, Wright 645, **Bogan v Stoutenburgh** 7 O. pt 2, 133; Shur v Statler 2 O Dec. Rep. 70.

In this action the possession of the automobile at the time of the institution of the suit was with the finance company. The determination to be made upon the trial of the cause is whether or not as against this company the plaintiff is entitled to its possession. The action is against the one asserted to be improperly in possession. Against it Boster can make no such claim. Against the plaintiff, unless something develops that is not in the pleadings the rights of the finance company rise as high as those of Boster under whom it admittedly holds possession of the automobile.

Title to the automobile replevined may be in Boster, but the gist of the action is not title to the car but right of possession. Title and right to possession may or may not be in the same party.

Looking at the possible verdicts that a jury might return in this case, one would be that at the time of the institution of the suit right of possession of the property was in the plaintiff. This must be determined from all the facts which have any bearing upon the ultimate question, including all those relating to the quality of the possession of the finance company. Boster's position on the issue is that the finance company, and not he, is entitled to the possession. This must be his attitude under his own pleading. If the verdict of the jury is in favor of the finance company

that protects Boster because there is no controversy between him and the finance company as to the right of possession at the time the suit was brought.

The order from which the appeal is taken will be affirmed.

BARNES, PJ, and GEIGER, J, concur.